THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **REMY KUSH,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**SYDNEE DICKSON, Utah State Board of Education Superintendent; SCOTT JONES, Utah State Board of Education Superintendent; SPENCER COX, Utah Governor; GARY HERBERT, Former Utah Governor; U.S. DEPARTMENT OF EDUCATION; T-MOBILE CORPORATION; AT&T CORPORATION; and VERIZON CORPORATION,**<br><br>        **Defendants.** | **(AMENDED) MEMORANDUM DECISION AND ORDER TO AMEND COMPLAINT**<br><br>Case No. 2:24-cv-00639-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

      This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Remy Kush's ("Mr. Kush") complaint.[2] Mr. Kush has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Kush's complaint under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Mr. Kush to file an amended complaint by November 5, 2024.

---

[1] ECF No. 6.

[2] ECF No. 1.

[3] ECF No. 4.

## BACKGROUND

Mr. Kush's complaint names as defendants Sydnee Dickson, Utah State Board of Education Superintendent; Scott Jones, Utah State Board of Education Superintendent; Utah Governor Spencer Cox; Former Utah Governor Gary Herbert; U.S. Department of Education; T-Mobile Corporation; AT&T Corporation; and Verizon Corporation (collectively, "Defendants").[4] Mr. Kush's complaint contains the following allegations:

> These telecommunications towers are leading to a slew of medical conditions in many within a 1 mile radius for sure. Based on past studies proving even prior [and] "lesser strengthened technologies" in 1G/2G/3G/4G were damaging to human health. As a scientist I will share as much prior data from scientists possible and help gather data showing harm and distrust/dislike of these telecommunications towers on publicly owned [and] managed school properties across the state . . . I will show you the community wants these brought down respectfully within your court. Please help us remove them. Thank you.[5]

## LEGAL STANDARDS

To review Mr. Kush's complaint under the authority of the IFP Statute, the court must consider three legal standards. First, the court considers the standard under Fed. R. Civ. P. 12(b)(1) regarding lack of subject-matter jurisdiction. Second, the court considers the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be granted. Third, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

---

[4] ECF No. 1.

[5] *Id.* at 5.

## I. Federal Jurisdiction

Federal courts are courts of limited subject-matter jurisdiction.[6] Under 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Tenth Circuit states that "[a] case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."[7]

Under 28 U.S.C. § 1332(a), federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located."[8] "[An individual] is a citizen of the state in which he or she is domiciled. Domicile, in turn, is the combination of physical presence in a location and an intent to remain there indefinitely."[9] Diversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal.[10]

---

[6] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[7] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quotations and citation omitted).

[8] *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[9] *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003).

[10] *See, e.g.*, *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." (quotations and citation omitted)).

Fed. R. Civ. P. 12(b)(1) allows a court to dismiss a complaint for "lack of jurisdiction over the subject matter." The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[11] To do so, the plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[12] When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under Fed. R. Civ. P. 12(b)(1).[13] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage of the litigation.[14]

## II. Failure to State a Claim

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[15] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[16] Under that standard, the court "look[s] for plausibility in th[e] complaint."[17] More

---

[11] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[12] *U.S. ex rel. Precision Co. v. Koch Indus.*, 971 F. 2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citation omitted).

[13] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

[14] *Id.* at 501.

[15] 28 U.S.C. § 1915(e)(2)(B)(ii).

[16] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[17] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[18]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[19] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[20] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[21] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[22] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[23] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[24]

---

[18] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[19] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[22] *Id.*

[23] *Twombly*, 550 U.S. at 555.

[24] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1471, 1480 (10th Cir. 1989).

In analyzing Mr. Kush's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[25] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[26] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[27] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[28]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[29]

---

[25] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[26] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[27] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[28] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[29] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

### III. Frivolousness

The IFP Statute also permits the court to dismiss a plaintiff's complaint if its allegations are frivolous.[30] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[31] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[32]

### ANALYSIS

Mr. Kush's complaint is subject to dismissal because: (I) Mr. Kush fails to establish the court's subject-matter jurisdiction; (II) Mr. Kush does not state a plausible claim for relief; and (III) Mr. Kush's claims appear to be frivolous. Despite these deficiencies, however, (IV) the court provides Mr. Kush with an opportunity to amend his complaint.

---

[30] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

[31] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[32] *Id.* at 327-28; *see also Bellmon,* 935 F.2d at 1108-10.

### I.     Mr. Kush Fails to Establish the Court's Subject Matter Jurisdiction.

As the plaintiff in this action, Mr. Kush bears the burden of establishing federal jurisdiction.[33] To do so, he "must allege in his pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[34] In this case, the court concludes that it lacks subject-matter jurisdiction over Mr. Kush's claims because Mr. Kush has not established that this action arises under federal law or that the parties in this action are citizens of different states and the amount in controversy exceeds $75,000. As to bringing a claim under federal law, Mr. Kush does not cite or mention any federal law under which his action is brought. And as to diversity of citizenship, the allegations in the complaint seem to indicate that Mr. Kush lives in Utah, which may be a fatal jurisdictional problem for this action especially where the complaint fails to indicate a state cause of action under which Mr. Kush is allegedly bringing suit. Consequently, the court lacks subject-matter jurisdiction over Mr. Kush's claims.

### II.    Mr. Kush's Complaint Fails to State a Plausible Claim for Relief.

After reviewing Mr. Kush's complaint, the court concludes that all the factual allegations therein are conclusory in nature, and, therefore, fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6). Mr. Kush fails to make any specific, intelligible allegations about Defendants' alleged actions. Instead, he makes only conclusory allegations devoid of any factual support of enhancement. Moreover, Mr. Kush has not provided the court

---

[33] *Penteco Corp. Ltd. P'ship---1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

[34] *U. S. ex rel. Precision Co.*, 971 F. 2d at 551 (second alteration in original) (quotations and citations omitted).

with any recognized cause of action under state or federal law. Thus, he has failed to make sufficient allegations to state any claims upon which relief can be granted.[35]

### III. Mr. Kush's Complaint is Frivolous.

The court also concludes that Mr. Kush's complaint appears to be frivolous. As noted above, the IFP Statute's term "frivolous" includes complaints that contain "fanciful factual allegation[s]"[36] that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[37] The term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist."[38] Based upon the foregoing summary of Mr. Kush's complaint, the court concludes that it falls squarely within those two categories. Therefore, his complaint should be dismissed as frivolous under the IFP Statute. However, as discussed below, the court permits Mr. Kush to amend his complaint.

### IV. The Court Permits Mr. Kush to Amend His Complaint.

Based upon the foregoing analysis, this court lacks subject-matter jurisdiction over Mr. Kush's claims, Mr. Kush has failed to state a claim, and his existing factual allegations appear frivolous. However, dismissal is proper only "if it is obvious that [he] cannot prevail on the facts

---

[35] *Bellmon*, 935 F.2d at 1110 (providing that the "broad reading" accorded to a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based" and that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

[36] *Neitzke*, 490 U.S. at 325.

[37] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[38] *Neitzke*, 490 U.S. at 327.

he has alleged and it would be futile to give him an opportunity to amend."[39] Accordingly, the court will afford Mr. Kush an opportunity to amend his complaint. Mr. Kush may be able to cure these deficiencies with adequate allegations in an amended complaint. Therefore, the court orders Mr. Kush to submit an amended complaint by November 5, 2024. The court will then address whether Mr. Kush's amended complaint states a claim for relief. If it fails to do so, it will be subject to dismissal with prejudice.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. Mr. Kush is ordered to file an amended complaint by November 5, 2024. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. § 1915 and DUCivR 3-2(b).

3. Mr. Kush's failure to file an amended complaint may result in dismissal of this action.

4. Mr. Kush's motion to proceed in forma pauperis[40] is TEMPORARILY GRANTED.

IT IS SO ORDERED.

DATED this 8th day of October 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[39] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).
[40] ECF No. 2.