IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REMY KUSH,<br><br>Plaintiff,<br><br>v.<br><br>SYDNEE DICKSON, Utah State Board of Education Superintendent, et al.,<br><br>Defendants. | **ORDER CONSOLIDATING CASES**<br><br>Case Nos. 2:24-cv-00639-RJS-JCB (Lead)<br>2:24-cv-00845-HCN-DBP<br>2:24-cv-00858-AMA-CMR<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

On August 28, 2024, pro se Plaintiff Remy Kush filed a complaint against Sydnee Dickson, Utah State Board of Education Superintendent; Scott Jones, Utah State Board of Education Superintendent; Utah Governor Spencer Cox; Former Utah Governor Gary Herbert; U.S. Department of Education; T-Mobile Corporation; AT&T Corporation; and Verizon Corporation.[1] The court allowed Kush to proceed in forma pauperis under 28 U.S.C. § 1915 (IFP Statute).[2] On October 8, 2024, the court reviewed the sufficiency of Kush's complaint under the authority of the IFP Statute.[3] After analyzing each of Kush's claims, the court concluded that it lacked subject-matter jurisdiction over Kush's claims, Kush failed to state a claim, and his existing factual allegations appeared to be frivolous.[4] However, the court provided Kush with an opportunity to amend his complaint by November 5, 2024, noting that

---

[1] ECF No. 1.

[2] ECF No. 4.

[3] ECF No. 9.

[4] *Id.* at 7-9.

failure to submit an amended complaint may result in the dismissal of Kush's action.[5] Kush did not file an amended complaint by the deadline set in the court's order or anytime thereafter.

Instead, on November 12, 2024, Kush filed a second complaint against many of the same defendants in the first action, and added defendants Tracy Glover; Jared Rigby; Travis Tucken; Steve Labrum; Mike Smith; National Institutes of Health; Monica M Bertagnolli; Salt Lake County Sheriff's Office; Rosie Rivera; Miguel Cardone; Jessica Rosenworcel; Federal Communications Commission; Utah Sheriff's Association; Brendan Carr; Geoffrey Starks; Anna M Gomez; and Nathan Simington.[6] This case was assigned to District Judge Howard C. Nielson, Jr. and referred to Magistrate Judge Dustin B. Pead.[7]

On November 15, 2024, Kush filed a third complaint against many of the same defendants in the first and second actions and adding defendants Sandy Police Department; Cottonwood Heights Police Department; Utah Department of Health and Human Services; Associated Foods; and Smith's Food and Drug.[8] This case was assigned to District Judge Ann Marie McIff Allen and referred to Magistrate Judge Cecilia M. Romero.[9]

Although Kush's lawsuits are aimed at some nonoverlapping defendants, the three cases repeat the same allegations regarding "toxic telecommunications towers terrorizing . . . telestial

---

[5] *Id.* at 9-10.

[6] ECF No. 1, Case No. 2:24-cv-00845-HCN-DBP.

[7] ECF No. 6, Case No. 2:24-cv-00845-HCN-DBP.

[8] ECF No. 1, Case No. 2:24-cv-00858-AMA-CMR.

[9] ECF No. 5, Case No. 2:24-cv-00858-AMA-CMR.

telomeres,"[10] "leading to a slew of medical conditions"[11] and "disrupt[ing] basic biological functions."[12]  Kush asks this court to remove these towers.[13]

Based on a review of these three cases, the court concludes that they should be consolidated into one case.  Under DUCivR 42-1, the court may authorize consolidation of two or more cases before one judge when the cases "involve a common question of law or fact."[14]  Because the cases call for determining substantially similar questions of law and fact, consolidating these cases will allow for a more efficient administration of justice and avoid duplicative labor.  Rather than three magistrate judges having to perform the same analysis in three separate cases, and three district judges having to decide whether to adopt or reject the magistrate judges' Reports & Recommendations, a single magistrate judge will issue a Report & Recommendation for the court's consideration.

Because the court enters this consolidation order *sua sponte*, DUCivR 42-1(c) allows a party to object to the consolidation within 14 days.  If the court does not receive a timely objection, the consolidation order will take effect.

---

[10] ECF No. 1 at 4, Case No. 2:24-cv-00845-HCN-DBP; ECF No. 1 at 2, Case No. 2:24-cv-00858-AMA-CMR.

[11] ECF No. 1 at 5, Case No. 2:24-cv-00639-RJS-JCB.

[12] ECF No. 1 at 2, Case No. 2:24-cv-00858-AMA-CMR.

[13] ECF No. 1 at 5, Case No. 2:24-cv-00639-RJS-JCB; ECF No. 1 at 5, Case No. 2:24-cv-00845-HCN-DBP; ECF No. 1 at 3, Case No. 2:24-cv-00858-AMA-CMR.

[14] DUCivR 42-1(a) & (c).

## CONCLUSION

For the foregoing reasons, the court HEREBY ORDERS that *Kush v. Cox et al.*, Case No. 2:24-cv-00858-AMA-CMR and *Kush v. Cox et al.*, Case No. 2:24-cv-00845-HCN-DBP be consolidated into *Kush v. Dickson et al.*, Case No. 2:24-cv-00639-RJS-JCB (the lowest-numbered case), effective January 15, 2025, barring an objection from Kush.

SO ORDERED this 31st day of December 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge