# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **REMY KUSH,**<br><br>Plaintiff,<br><br>v.<br><br>**SYDNEE DICKSON, Utah State Board of Education Superintendent; et al.,**<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case Nos. 2:24-cv-00639-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This action is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Based upon the analysis set forth below, the court recommends that pro se Plaintiff Remy Kush ("Mr. Kush") be designated as a restricted filer in this district.

## BACKGROUND

Mr. Kush has filed several baseless cases in this district since 2023. Specifically, as illustrated below, Mr. Kush's pattern is to file poorly pleaded and frivolous claims, fail to file an amended complaint when granted the opportunity to do so, and, instead, file a new, similarly unfounded complaint. These abusive actions are repeatedly illustrated in the following five cases relevant to the court's recommendation that Mr. Kush be designated as a restricted filer.

---

[1] ECF No. 6.

I. *Kush v. Nelson et al.*, No. 2:23-cv-00273-HCN

Mr. Kush's abusive litigation history as a pro se party began in this district in April 2023, when he filed a complaint in *Kush v. Nelson et al.*[2] Mr. Kush was permitted to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(e) ("IFP Statute").[3]

There, Mr. Kush sued Russell M. Nelson ("Mr. Nelson") and Rex Henderson ("Mr. Henderson') under 42 U.S.C. §§ 1983 and 1985.[4] His complaint alleged that Mr. Kush has "brain injuries and mounting medical bills relating to PTSD that [he has] asked for help with, and [he has] not been able to get the defendant to provide the repairs. The damage was done by Church leadership."[5] Mr. Kush claimed violations of the First, Fourth, and Fourteenth Amendments[6] based on the following allegations:

- First Amendment: "The Mormon Church and its Directors (Russell M. Nelson) stopped my needed medications from being on the legal market in Utah through the lack of separation between Church and State in Utah, and against the will of the people, me included. The process by which the Utah Cannabis Act was drafted and implemented displays this total lack of separation and the harm that leads to."[7]

- Fourth Amendment: "The Mormon Church and State of Utah directed by Mormon Hierarchy, ultimately led by Russell M. Nelson, outlawed privacy and property rights to our soil (and our medical data) legislating away our ability to grow a life

---

[2] No. 2:23-cv-00273-HCN, ECF No. 2, 5.

[3] *Id.*, ECF No. 4.

[4] *Id.*, ECF No. 5 at 1.

[5] *Id.* at 3.

[6] *Id.* at 4.

[7] *Id.*

saving essential food and medicine. They outlawed privacy to our gardens, our bodies, and our data by helping draft and implement the Utah Cannabis Act."[8]

- Fourteenth Amendment: "My ability to pursue life, liberty, and happiness after being abused, left with that abuse, further abused, and now getting my medicines locked up is challenging and almost non-existent. PTSD won't allow it."[9]

Mr. Nelson moved to dismiss Mr. Kush's complaint under Fed. R. Civ. P. 12(b)(6), arguing the complaint failed to state a claim because (1) Mr. Nelson is not a state actor; (2) Mr. Kush does not have a constitutional right to cultivate, possess, and use a controlled substance; and (3) Mr. Kush failed to adequately plead damages caused by Mr. Nelson.[10] Shortly after, Mr. Kush filed a "motion for substitution of judge or disqualification under Rule 63 or 29,"[11] which the court promptly denied because Mr. Kush had not demonstrated grounds for recusal or disqualification of the assigned judges.[12]

In recommending that the court grant Mr. Nelson's motion to dismiss, the magistrate judge concluded that, under the IFP Statute, Mr. Kush failed to state a claim against Mr. Nelson or Mr. Henderson under 42 U.S.C. § 1983 or § 1985, and that he failed to state a claim against Mr. Henderson because his complaint contained no allegations regarding Mr. Henderson.[13] Mr. Kush submitted a lengthy and confusing objection to the magistrate judge's recommendation.[14] After reviewing Mr. Kush's complaint, the report and recommendation, and Mr. Kush's

---

[8] *Id.*

[9] *Id.*

[10] No. 2:23-cv-00273-HCN, ECF No. 9 at 1-2.

[11] *Id.*, ECF No. 11, 12.

[12] *Id.*, ECF No. 15.

[13] *Id.*, ECF No. 19.

[14] *Id.*, ECF No. 20.

3

objections, the court concluded that Mr. Kush's objections were not well-taken.[15] Accordingly, the district judge overruled Mr. Kush's objections, adopted the magistrate judge's report and recommendation, and dismissed the action without prejudice.[16]

## II.  *Kush v. Gates et al.*, No. 2:23-cv-00457-JNP

In July 2023, Mr. Kush initiated *Kush v. Gates et al*, wherein he sued William Henry Gates III, Anthony Stephen Fauci, Spencer James Cox, Bonneville International d/b/a/ KSL.Com TV, Centers for Disease Control, National Institute of Allergy and Infectious Diseases, National Institute of Health and Foods and the Drug Administration.[17] Mr. Kush was permitted to proceed IFP.[18]

Mr. Kush asserted that these Defendants violated 18 U.S.C. § 1901, stating that "COVID was a pharmaceutical-military-industrial complex operation" and the "Certificate of Vaccination Identification Psychological [and] Biological Operation was . . . a genocide/war/crime against all humanity."[19] Mr. Kush contended that Defendants helped plan and "operate the event criminally" and asked the court to jail Defendants and liquidate their assets to "pay for the damages from the gene therapy technology they lied and called vaccines."[20] In screening Mr. Kush's complaint under the IFP Statute, the court concluded that Mr. Kush's complaint lacked coherent factual

---

[15] *Id.*, ECF No. 24.

[16] *Id.*

[17] No. 2:23-cv-00457-JNP.

[18] *Id.*, ECF No. 4.

[19] *Id.*, ECF No. 5 at 4.

[20] *Id.*

allegations and failed to state a plausible claim for relief.[21] The court noted that 18 U.S.C. § 1901 is a criminal statute prohibiting genocide and, as a private citizen, Mr. Kush was unable to prosecute this federal criminal charge directly or via a § 1983 claim.[22] Additionally, Mr. Kush's claim was unintelligible and failed to support any cognizable claim for relief.[23] Although Mr. Kush's complaint was subject to dismissal, the court provided Mr. Kush with an opportunity to amend his complaint.[24] The court notified Mr. Kush that failure to file an amended complaint could result in the dismissal of his action.[25] Mr. Kush did not file an amended complaint by the deadline set by the court or any time thereafter. Therefore, the magistrate judge recommended dismissal of Mr. Kush's complaint.[26] Mr. Kush did not file any objection to the magistrate judge's report and recommendation. Therefore, the district judge adopted the report and recommendation and dismissed the action with prejudice.[27]

### III.   *Kush v. Cox et al.*: Nos. 2:24-cv-00639-RJS-JCB, 2:24-cv-00845-RJS-JCB, 2:24-cv-00858-RJS-JCB

After a brief hiatus, Mr. Kush filed *Kush v. Dickson et al.*, No. 2:24-cv-00639-RJS-JCB in August 2024, and was permitted to proceed IFP.[28] Mr. Kush sued Sydnee Dickson, Utah State Board of Education Superintendent; Scott Jones, Utah State Board of Education Superintendent;

---

[21] *Id.*, ECF No. 9.

[22] *Id.* at 4.

[23] *Id.* at 5.

[24] *Id.*

[25] *Id.*

[26] No. 2:23-cv-00457-JNP, ECF No. 10.

[27] *Id.*, ECF No. 12.

[28] No. 2:24-cv-00639-RJS-JCB, ECF No. 4.

Utah Governor Spencer Cox; Former Utah Governor Gary Herbert; U.S. Department of Education; T-Mobile Corporation; AT&T Corporation; and Verizon Corporation.[29] Mr. Kush's complaint contained the following allegations:

> These telecommunications towers are leading to a slew of medical conditions in many within a 1 mile radius for sure. Based on past studies proving even prior [and] "lesser strengthened technologies" in 16/26/36/46 were damaging to human health. As a scientist I will share as much prior data from scientists possible and help gather data showing harm and distrust/dislike of these telecommunications towers on publicly owned [and] managed school properties across the state . . . I will show you the community wants these brought down respectfully within your court. Please help us remove them. Thank you.[30]

After analyzing Mr. Kush's claims under the authority of the IFP Statute, the court concluded that it lacked subject-matter jurisdiction over Mr. Kush's claims, Mr. Kush failed to state a claim, and his existing factual allegations appeared to be frivolous.[31] However, the court provided Mr. Kush with an opportunity to amend his complaint, noting that failure to submit an amended complaint may result in the dismissal of Mr. Kush's action.[32] Mr. Kush did not file an amended complaint by the deadline set in the court's order or anytime thereafter.

Instead, Mr. Kush filed a second complaint against the same defendants in the first action and added defendants Tracy Glover, Jared Rigby, Travis Tucken, Steve Labrum, Mike Smith, National Institutes of Health, Monica M Bertagnolli, Salt Lake County Sheriff's Office, Rosie Rivera, Miguel Cardone, Jessica Rosenworcel, Federal Communications Commission, Utah

---

[29] No. 2:24-cv-00639-RJS-JCB, ECF No. 1.

[30] *Id.* at 5.

[31] *Id.*, ECF No. 9 at 7-9.

[32] *Id.* at 9-10.

Sheriff's Association, Brendan Carr, Geoffrey Starks, Anna M Gomez, and Nathan Simington.[33] Three days later, Mr. Kush filed another complaint against many of the same defendants in the first and second actions and added defendants Sandy Police Department, Cottonwood Heights Police Department, Utah Department of Health and Human Services, Associated Foods, and Smith's Food and Drug.[34]

Although Mr. Kush's complaints were aimed at some nonoverlapping defendants, the three cases centered on the same allegations regarding "toxic telecommunications towers terrorizing . . . telestial telomeres,"[35] "leading to a slew of medical conditions"[36] and "disrupt[ing] basic biological functions."[37] Mr. Kush seeks the removal of these towers.[38] Beyond some minor technical differences (i.e., precise language describing the allegations) the complaints were fundamentally the same.[39] Based on a review of these three cases, the court

---

[33] *Kush v. Cox et al.*, No. 2:24-cv-00845-HCN-DBP, ECF No. 1.

[34] *Kush v. Cox et al.*, No. 2:24-cv-00858-AMA-CMR, ECF No. 1.

[35] No. 2:24-cv-00845-HCN-DBP, ECF No. 1 at 4; No. 2:24-cv-00858-AMA-CMR, ECF No. 1 at 2.

[36] No. 2:24-cv-00639-RJS-JCB, ECF No. 1 at 5.

[37] No. 2:24-cv-00858-AMA-CMR, ECF No. 1 at 2.

[38] No. 2:24-cv-00639-RJS-JCB, ECF No. 1 at 5; 2:24-cv-00845-HCN-DBP, ECF No. 1 at 5; No. 2:24-cv-00858-AMA-CMR, ECF No. 1 at 3.

[39] Additional differences include: ECF No. 1 at 3, Case No. 2:24-cv-00845-HCN-DBP, Mr. Kush has checked boxes indicating he is bringing this suit pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); at ECF No. 1-1 at 1, Case No. 2:24-cv-00639-RJS-JCB and ECF No. 1-1 at 1, Case No. 2:24-cv-00858-AMA-CMR, Mr. Kush has checked a box indicating these suits are brought as a class action under Fed. R. Civ. P. 23.

concluded that they should be consolidated into one case.[40] After Mr. Kush failed to file any objection to this consolidation order, the court consolidated these cases.[41]

The magistrate judge has recommended dismissal of this consolidated action because Mr. Kush failed to establish the court's subject-matter jurisdiction, he failed to state a plausible claim for relief, and his existing factual allegations appeared to be frivolous.[42] Moreover, Mr. Kush failed to timely amend his complaint when given the opportunity to do so in *Kush v. Dickson et al.*, No. 2:24-cv-00639-RJS-JCB.[43]

## ANALYSIS

Because Mr. Kush is a pro se litigant who has abused the judicial process in this district, he should be designated as a restricted filer. "A district court has power under 28 U.S.C.

---

[40] No. 2:24-cv-00639-RJS-JCB, ECF No. 10.

[41] *Id.*, at ECF No. 11.

[42] *Id.*, at ECF No. 13.

[43] Two of Mr. Kush's recently filed cases have yet to be screened under the IFP Statute: *Kush v. Vickers et al.*, No. 2:24-cv-00564-RJS-JCB and *Kush v. Trump et al.*, No. 2:25-cv-00047-JNP-CMR. In *Kush v. Vickers et al.*, Mr. Kush sues Utah Governor Spencer Cox, Former Utah Governor Gary Herbert, Gregory H. Hughes, and Evan J. Vickers, alleging that the HB 3001 Utah Medical Cannabis Act "is in violation of United States Highest [and] Charter laws in many ways including those pertaining to privacy and private property (rites) rights" and since the law has been instituted, Mr. Kush has been "unable to secure [his] seizure medications within state boundaries and have had to travel over 25,000 miles (more than once around the earth)." No. 2:24-cv-00564-RJS-JCB, ECF No. 1. In *Kush v. Trump et al.*, Mr. Kush sues Donald Trump, Rand Paul, William Gates, Anthony Fauci, Spencer Cox, Mitt Romney, Gavin Newsom, Jared Polis, NIH Directors, FDA Directors, CDC Directors, Pfizer, Moderna, Astrazeneca, Johnson and Johnson, and Andrew Cuomo. No. 2:25-cv-00047-JNP-CMR, ECF No. 1. Mr. Kush alleges that the listed defendants "engaged in mass deception and misrepresentation of the 'COVID VACCINE' injuring and killing many through this process that formally and publicly was launched in 2020 but began behind closed doors years before including many dress rehearsals."

§ 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[44] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."[45] Although "[l]itigiousness alone will not support an injunction restricting filing activities," an injunction is "proper where the litigant's abusive and lengthy history is properly set forth."[46] Once shown, "[e]ven onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved."[47] Any filing restrictions imposed upon a litigant must "provide guidelines as to what the litigant may do to obtain . . . permission to file an action."[48] Further, before imposing filing restrictions, a litigant "is entitled to notice and an opportunity to oppose" the proposed restrictions.[49]

    Consistent with those requirements, Mr. Kush's abusive litigation history meets the requirements for a restricted filer and, therefore, the court proposes appropriate filing restrictions for Mr. Kush and notifies him of his right to be heard on that issue. Each topic is addressed in order below.

---

[44] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam).

[45] *Id*. at 353 (citations omitted).

[46] *Id*.

[47] *Id*. at 352 (quotations and citations omitted).

[48] *In re Raiser*, 293 F. App'x 619, 620 (10th Cir. 2008) (alteration in original) (quotations and citation omitted).

[49] *Tripati*, 878 F.2d at 354.

A. <u>Mr. Kush's Abusive Litigation History Warrants Restricted Filer Status</u>.

Mr. Kush has not filed cases in this district seeking to right legal wrongs. Instead, he has filed an abundance of frivolous and baseless cases in a short period of time. In turn, that has required the court to waste valuable resources in addressing those cases. The court should not tolerate Mr. Kush's abusive litigation tactics. Accordingly, the court recommends designating Mr. Kush as a restricted filer in this district.

B. <u>Mr. Kush Should Be Subjected to Filing Restrictions</u>.

The court recommends that Mr. Kush be enjoined from initiating future cases in this district unless he either is represented by a licensed attorney admitted to practice in this district or first obtains court permission to proceed pro se. To obtain court permission to proceed pro se in this district, Mr. Kush should be required to:

    1.    Pay the full filing fee.

    2.    File a Motion for Leave to File Pro Se Initial Pleading, which must include the following documents as attachments:

        a.    The proposed initial pleading.

        b.    A copy of the court's order imposing filing restrictions.

        c.    A notarized affidavit or declaration, in proper legal form, that:

            i.    recites the claims Mr. Kush seeks to present, including a short discussion of the legal basis of the claims and the basis for the court's jurisdiction of the subject matter and parties;

    ii.  certifies that, to the best of Mr. Kush's knowledge, his claims are not frivolous or made in bad faith; his claims are warranted by existing law or have a good faith argument for the extension, modification, or reversal of existing law; his new lawsuit is not initiated for any improper purpose; and he will comply with all applicable rules, including the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules; and

    iii.  certifies that, if Mr. Kush's claims have previously been raised or he has previously sued the named defendants, the proposed new suit does not present the same claims that this or any other court has decided and explains why the new suit would not be an abuse of the legal system.

 d. A list, including case name and case number, of Mr. Kush's pending and previously filed cases in this court, which must include a statement indicating the status or disposition of each case.

 e. A list, including case name and case number, of all outstanding injunctions, contempt orders, or other judicial directions limiting Mr. Kush's access to state or federal courts, including orders and injunctions requiring him to be represented by an attorney.

If Mr. Kush files a Motion for Leave to File Pro Se Initial Pleading, the court should open a new civil case and file the motion in that case. Any such case should be directly assigned to the Chief District Judge and referred to a Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) for review. If the Magistrate Judge determines that Mr. Kush's motion should be granted, the Magistrate Judge should enter an Order indicating that the case shall proceed in accordance with the Federal Rules of Civil Procedure and the District of Utah's Local Civil Rules. If the Magistrate Judge determines that Mr. Kush's motion should be denied, the Magistrate Judge should issue a Report and Recommendation to the Chief District Judge. In that instance, the case should be permitted to proceed only with the Chief District Judge's approval.

C. The Court Provides Mr. Kush with Notice and an Opportunity to be Heard.

This Report and Recommendation serves as the required notice to Mr. Kush concerning the proposed filing restrictions outlined above.[50] Mr. Kush's opportunity to be heard is provided through his ability to file objections to this Report and Recommendation as indicated below. Mr. Kush is hereby notified that "[t]he notice and opportunity requirement does not . . . require an in-person hearing in the district court."[51]

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Mr. Kush be designated as a restricted filer in this district as detailed above. Copies of this Report and Recommendation are being sent to Mr. Kush, who is hereby notified of his right to object.[52] Mr. Kush must file any

---

[50] *Tripati*, 878 F.2d at 354.

[51] *Id.*

[52] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

objections to this Report and Recommendation within 14 days after being served with a copy of it.[53] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of March 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[53] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).