IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| REMY KUSH,<br><br>        Plaintiff,<br><br>v.<br><br>SYDNEE DICKSON, Utah State Board of Education Superintendent, et al.,<br><br>        Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case Nos. 2:24-cv-00639-RJS-JCB (Lead)<br>2:24-cv-00845-HCN-DBP<br>2:24-cv-00858-AMA-CMR<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

Before the court are two related Reports and Recommendations issued in the above-captioned cases by Magistrate Judge Jared C. Bennett on March 6, 2025. The first Report recommends Plaintiff's Complaint be dismissed with prejudice.[1] The second Report recommends that Plaintiff be designated as a restricted filer in this district.[2]

Plaintiff initiated this action on August 28, 2024, against Sydnee Dickson, Utah State Board of Education Superintendent; Scott Jones, Utah State Board of Education Superintendent; Utah Governor Spencer Cox; Former Utah Governor Gary Herbert; U.S. Department of Education; T-Mobile Corporation; AT&T Corporation; and Verizon Corporation.[3] On September 20, 2024, Plaintiff's case was referred to Magistrate Judge Jared C. Bennett.[4]

On October 8, 2024 Judge Bennett reviewed the sufficiency of Mr. Kush's Complaint under the authority of the IFP Statute.[5] After analyzing each of Mr. Kush's claims, the court

---

[1] Dkt. 13, *Report and Recommendation to Dismiss with Prejudice* (*Report Dismissing Case*).

[2] Dkt. 14*, Report and Recommendation to Designate Kush as Restricted Filer* (*Report Designating Kush as Restricted Filer*).

[3] Dkt. 1, *Complaint*.

[4] Dkt. 6, *Minute Entry*.

[5] Dkt. 9, *Amended Memorandum Decision and Order to Amend Complaint*.

concluded that it lacked subject-matter jurisdiction over Mr. Kush's claims, Mr. Kush failed to state a claim, and his existing factual allegations appeared to be frivolous.[6]  However, the court provided Mr. Kush with an opportunity to amend his Complaint by November 5, 2024, noting that failure to submit an amended complaint may result in the dismissal of Mr. Kush's action.[7]

Mr. Kush did not file an amended Complaint by the deadline set in the court's order or any time thereafter.  Instead, Mr. Kush filed two other Complaints against substantially similar defendants raising substantially the same claims.[8]  The court subsequently ordered that *Kush v. Cox et al.*, Case No. 2:24-cv-00858-AMA-CMR and *Kush v. Cox et al.*, Case No. 2:24-cv-00845-HCN-DBP be consolidated into *Kush v. Dickson et al.*, Case No. 2:24-cv-00639-RJS-JCB (the lowest-numbered case).[9]

On March 6, 2025, Judge Bennet issued the pending Reports recommending this court dismiss the Mr. Kush's Complaint and designate him as a restricted filer in this district.[10]  In both Reports, Judge Bennett advised Kush of his right to object within fourteen days of service pursuant to Federal Rule of Civil Procedure 72(b).[11]  Judge Bennett further cautioned that failure to object may constitute a waiver of objections.[12]

Federal Rule of Civil Procedure 72(b)(2) allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.  When no objections are filed, the Supreme Court has

---

[6] *Id.*

[7] *Id.*

[8] *See* Dkt. 1 (*Kush v. Cox et al.*, Case No. 2:24-cv-00858-AMA-CMR), *Complaint* and Dkt. 1 (*Kush v. Cox et al.*, Case No. 2:24-cv-00845-HCN-DBP), *Complaint*.

[9] Dkt. 10, *Order Consolidating Cases*.

[10] *Report*.

[11] *Report Dismissing Case* at 12; *Report Designating Kush as Restricted Filer* at 12–13.

[12] *Id.*

suggested no further review by the district court is required, but nor is it precluded.[13]  This court reviews for clear error any report and recommendation to which no objections have been raised.[14]

More than three weeks have now passed since the Reports were filed and Mr. Kush has not objected.  Accordingly, this court reviews the Reports for clear error.  Having carefully considered the Reports, the court finds no clear error.  Thus, the court ADOPTS the Reports in full.[15]

## CONCLUSION

Plaintiff's Complaint is DISMISSED.[16]  The court approves and authorizes Mr. Kush to be designated as a restricted filer in this district.  The Clerk of Court is directed to close the case.

SO ORDERED this 31st day of March 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[13] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[14]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) Advisory Committee's Note to 1983 Amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[15] Dkts. 13, 14.

[16] The court notes that, because this court consolidated Mr. Kush's cases into this one, dismissal of this Complaint closes the case.

3